**143 So. 32**

## COMMERCIAL NATIONAL BANK OF SHREVEPORT et al. v. LOUISIANA TAX COMMISSION et al.

No. 31233.

May 23, 1932.

Rehearing Denied June 20, 1932.

■

Lewell C. Butler, J. P. Wallace, and Barksdale, Bullock, Warren, Clark & Van Hook, all of Shreveport, for appellant.

Aubrey M. Pyburn, City Atty., of Shreveport, for appellee City of Shreveport.

Percy Saint, Atty. Gen., and Blanchard, Goldstein, Walker & O'Quin, of Shreveport, for appellees.

O'NIELL, C. J.

This is one of three suits brought by the three national banks in Shreveport to annul the taxes levied upon their shares of capital stock, for the year 1930, under Act No. 14, Extra Session of 1917, as amended by Act No. 116 of 1922 and Act No. 221 of 1928. The Commercial National Bank, one of the plaintiffs, paid the city taxes before bringing the suit and prayed for a refund of the money, on the ground that the payment was made in error. That part of the bank's de-mand was rejected on an exception of no cause of action; and the bank took this appeal from that judgment. On the trial of the main issue, the district judge held that the taxes were null; but on appeal the judgment was reversed and the plaintiffs' demands were rejected. See First National Bank et al. v. Louisiana Tax Commission et al., 175 La. 119, 143 So. 23, decided today.

For the reasons given in that case, the judgment appealed from in this case is affirmed.

ROGERS, J., takes no part.

On Application for Rehearing.

PER CURIAM.

In the petition of the plaintiffs for a rehearing, it is said that the decision rendered by this court permits the taxing of furniture and fixtures and other personal property of national banks, as well as real estate. It is said also that the assessment rolls filed in the record show that such personal property of the banks is taxed.

We were under the impression that that complaint, as well as the complaint of the Commercial National Bank with regard to the deduction of the book value of its real estate outside of Louisiana, was put aside for the purpose of presenting for decision only the all-important question whether the levying of taxes on shares of national bank stock, under the provisions of Act No. 14, Extra Session of 1917, as amended by Act No. 116 of 1922 and Act No. 221 of 1928, was violative of section 5219 of the Revised Statutes of the United States, as amended (12 USCA § 548). We got that impression from the statements in the briefs, particularly the statement that there was only the one ques-

tion in the case—the federal question which we have mentioned.

In order to simplify the decree rendered in this case, it is now amended so as to preserve to the plaintiffs, and to each one of them, any right of action that they or any one of them may have to reduce or annul the assessment of their property for taxes, except upon the complaint that the levying of taxes on shares of national bank stock, under the provisions of Act No. 14, Extra Session of 1917, as amended by Act No. 116 of 1922 and Act No. 221 of 1928, is violative of section 5219 of the Revised Statutes of the United States.

With this explanation and amendment, the petition for a rehearing is denied.